IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RAMIRO GARCIA | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-cv-00085 |
| | § | |
| NAVY ARMY COMMUNITY CREDIT | § | |
| UNION | § | |
| *Defendant* | § | |

### NOTICE OF REMOVAL

Defendant, Navy Army Community Credit Union ("NACCU"), by and through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. §1446 of the removal of the above-captioned case from the 36th District Court of Bee County, Texas to the United States District Court for the Southern District of Texas, Corpus Christi Division. The grounds for removal are as follows:

### I.    PROCEDURAL BACKGROUND

1.    Plaintiff commenced this action by filing an Original Petition (the "Complaint") on March 31, 2022, in the 36th District Court of Bee County, Texas, and the case was docketed as Cause No. BCV2201098 (the "State Court Action"). In his Original Petition, Plaintiff urges claims against Defendant for negligence, violation of the Real Estate Settlement Procedures Act ("RESPA"), and Chapter 51 of the Texas Property Code. Plaintiff alleges that he entered into a contract with NACCU to purchase real property and improvements, that NACCU did not serve notice of the transfer or sale of the Note, that NACCU failed to use reasonable care in communicating loss mitigation options, and that NACCU failed to provide the required notice letters prior to posting the property for sale. Plaintiff seeks temporary and permanent injunctive relief and an award of his fees and costs.

2.      Defendant filed their Original Answer on April 20, 2022.

3.      Plaintiff alleges a claim under RESPA which is a federal statute. This claim arises under the laws of the United States. This Court has jurisdiction pursuant to 28 U.S.C. §1331. Pursuant to 28 U.S.C. §1446(b)(3), this Notice of Removal must be filed within thirty days of the date that Defendant received a copy of the Petition. Defendant, through the undersigned counsel, first received a copy of Plaintiff's Original Petition on April 1, 2022.

4.      No party has requested a jury trial in the State Court Action.

## II.    PROCEDURAL REQUIREMENTS

5.      Pursuant to Federal Rules of Civil Procedure 7.1 and 81 and Local Rule 81, Defendant attach the following to this Notice of Removal:

   a.  A Civil Cover Sheet (form JS-44) (**Exhibit 1**);

   b.  Plaintiff's Original Verified Petition, Application for Temporary Restraining Order and Temporary Injunction; Defendant's Original Answer and Counterclaim. (**Exhibit 2**);

   c.  Order signed by State Judge (**Exhibit 3**);

   d.  A copy of the State Court's Docket Sheet (**Exhibit 4**);

   e.  An Index of All Documents Being Filed (**Exhibit 5**);

   f.  A list of all counsel of record, including addresses, telephone numbers, and partied represented (**Exhibit 6**);

   g.  Disclosure Statement and Statement of Interested Parties (**Exhibit 7**); and

To the extent possible, these documents are arranged in chronological order according to the state court file date.

6.      Concurrently with the filing of this Notice, Defendant is serving this Notice on Plaintiff and filing a copy of the Notice with the Bee County District Clerk.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 124(b)(2) and 144(a), because the United States District Court for the Southern District of Texas, Corpus Christi Division is the federal judicial district embracing Bee County, Texas, where this action was originally filed.

8.      Defendant is filing its *Disclosure Statement and Certificate of Interested Parties* pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, a copy of which is attached hereto as **Exhibit "7."**

9.      Defendant reserves the right to assert any defenses and/or objections to which they may be entitled.

### III.    BASIS FOR REMOVAL JURISDICTION

10.      Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the Unite States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

### A.      Federal Question

11.      A defendant may remove a case to federal court if the plaintiff could have originally filed suit in federal court. *See* 28 U.S.C. 1441. In addition, a case arises 28 U.S.C. § 1331 if "a well-pleaded complaint establishes either...federal law creates the cause of action or...the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006).

12.      Plaintiffs' action arises under the Real Estate Settlement Procedures Act (12 U.S.C. § 1024 *et seq.*) Plaintiffs' petition alleges that NACCU failed to provide notice of any transfer, assignment, or sale of the note, and "to properly manage the loan and escrow amount."[1]  The

---

[1] Plaintiff's Original Petition, p. 3, ¶ 11.

Petition also alleges that NACCU breach unspecified duties contained in unspecified regulations promulgated by the Department of Houston and Urban Development.[2]  The Petition references a right to appeal the denial of an application for a loan modification under the Home Affordable Mortgage Program,[3] and requirements "pursuant to the Bureau of Consumer Financial Bureau."[4] Plaintiff has therefore raised a federal question pursuant to 28 U.S.C. 1331.

## V.    CONCLUSION

For the foregoing reasons, Defendant, Navy Army Community Credit Union, respectfully asks this Court to accept this Notice of Removal, that this suit be removed to the United States District Court for the Southern District of Texas, Corpus Christi Division, and that this Honorable Court exercise its jurisdiction over the claims and defenses presented in this lawsuit.

Dated:  April 20, 2022

Respectfully submitted,

**HUGHES WATTERS ASKANASE, LLP**

By: _____
Damian W. Abreo
Texas Bar No. 24006728
Total Plaza
1201 Louisiana Street, 28th Floor
Houston, Texas 77002
(713) 759-0818 (Telephone)
(713) 759-6834 (Facsimile)
dabreo@hwa.com (E-mail)

**ATTORNEYS FOR DEENDANT,**
**NAVY ARMY COMMUNITY CREDIT UNION**

---

[2] Plaintiff's Original Petition, p. 3, ⁋ 12; p. 5, ⁋ 24.
[3] Plaintiff's Original Petition, p. 4, ⁋ 14.
[4] Plaintiff's Original Petition, p. 4, ⁋16 (presumably the Consumer Financial Protection Bureau).

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice of Removal was forwarded to all parties and/or their attorneys of record, in accordance with the Federal Rules of Civil Procedure, on this the 20th day of April, 2022 addressed as follows:

*Via Email: office@newarkfirm.com*
Robert C. Newark, III
A NEWARK FIRM
1341 W. Mockingbird Lane, Ste 600W
Dallas, Texas 75247
**ATTORNEY FOR PLAINTIFF**

Damian W. Abreo